UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-135-JMH

NARON HARRIS     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*     RESPONDENT

Naron Harris, an individual in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Medical Center, in Lexington, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for a Preliminary Injunction.

This Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears on its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Accordingly, the Court has reviewed the instant Petition. For the reasons explained below, the requested preliminary injunction will be denied, the Petition will also be denied, and this proceeding will be dismissed.

**ALLEGATIONS AND CLAIMS**

The following is a summary of the contents of Harris' Petition, attached exhibits, Motion for

1

Preliminary Injunction, and Memoranda. Record Nos. 2-3, 6.

Petitioner gives no information about himself, the crime for which he is serving a federal sentence, or the length of his sentence. He does supply several administrative remedy documents which reveal that BOP staff has granted him a placement in a Residential Re-entry Center ("RRC") facility for the last 5 months and 28 days of his sentence.[1] His placement is scheduled to begin on November 2, 2010.

Harris, however, felt entitled to the maximum set in the Second Chance Act of 2008, i.e., a full year in an RRC. He justifies this request with the legal arguments to be discussed below, and he also argues relevant facts. As to these facts, Petitioner writes that he has kept good behavior, he has family ties to he can return, he has had a history of substance abuse, he has already arranged a placement in a residential treatment program in Chicago, and with a "relapse potential," the 12-month placement would give him the greatest likelihood of successful re-integration into society.

Therefore, when informed of the staff's decision for a stay of less than 12 months, he initiated an administrative challenge. The staff responded that it felt that the almost 6 months "will be sufficient time for transition. Additionally, you are only serving a 65-month sentence." The Petitioner also attaches the response of the BOP's Regional Director, who wrote as follows:

> Your unit team conducted a RRC review in your case using the 5 factors outlined in the Second Chance Act. A RRC placement recommendation of approximately 180 days was deemed appropriate for your transitional needs, given the resources available to you, and the fact that you are releasing to an established residence. We find no reason to depart from this decision.

Record No. 3, attachment dated March 15, 2010. [The Petitioner does not supply either of the

---

[1] Prisoners near the end of their sentences are often placed in RRC's, previously known as Community Corrections Centers (CCC's) or "halfway houses" to live and work, under supervision, in order to facilitate their transition back into the community.

documents exchanged in his interim appeal to the warden or those exchanged in the final level of appeal, the BOP's National Office.]

On April 9, 2010, claiming to have exhausted the administrative process, the Petitioner signed his first pleading for this case. He argues, as he did administratively, that the RRC decision limiting him to less than half of the 12-month maximum in an RRC is illegal and should not stand. He specifically claims that the Second Chance Act, Pub. L. No. 110-199, § 2519(a), 122 Stat. 657, 692-93 (April 9, 2008), at 18 U.S.C. § 3624(c), was violated when he was not granted a year in an RRC; the decision for a placement of 5 months and 28 days was also not based on the criteria required by law, in 18 U.S.C. § 3621(b); the decision was arbitrary and capricious in violation of his due process rights; the BOP also violated the purpose of the Act as reflected in its own regulations; and the BOP acted wrongly in following an attached Memorandum from the Department of Justice dated April 14, 2008.

## DISCUSSION

The Court is troubled that the Petitioner has not provided the entirety of the record of the administrative proceedings. It is well known that federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Feixian v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981).

The administrative remedies available to inmates confined in Bureau of Prisons institutions, including the instant Petitioner, are not burdensome. The four-tiered scheme is set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally

resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a).

If the inmate is not satisfied with the Warden's administrative response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the appropriate Regional Director for the BOP.[2] If the prisoner is not satisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15 (a) - (b). For these last two levels, the Regional Director has 30 days to respond and General Counsel, 40 days. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

If the instant Petitioner has exhausted the administrative process, as he claims, why did he not use the documents to provide a record on which the Court be able to grant him the relief he seeks? The very main purpose for the exhaustion requirement is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). Petitioner Harris' record in this case is grossly incomplete. The Court cannot help but wonder if the responses which he did not include in this case were purposefully omitted because they undermine his arguments.

As it is, however, the insufficiency of the record in this case works against the Petitioner to doom his cause. The record simply does not support his claim that he is entitled to a 12-month RRC placement. First, he misunderstands the governing statute. When he wrote to staff about "my

---

[2] The appropriate geographical region is where the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland.

4

individual denial," prison staff pointed out to him that "we have not denied RRC." Rather, he has been granted an almost-six-month period of time in one, but not 12 months.

On its face, the Second Chance Act requires that the Director of the BOP "shall ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c); *see also Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2009).

As is obvious from the language of the statute, the BOP is obligated to ("shall") consider pre-release placement for a federal prisoner, including the instant Petitioner. Twelve months in an RRC, however, is not mandated. Rather, the 12 months is a *limitation* which the BOP imposed on the BOP's discretion in making decisions about a prisoner's pre-release conditions of confinement, *i.e.*, by this statute, the BOP may not grant a preparation site placement for longer than 12 months.

In short, the Second Chance Act *only allows* the BOP to place an inmate in an RRC for as much as twelve months of his sentence. It does not automatically entitle, or guarantee, any prisoner an RRC placement term, much less one for a full year of a prisoner's five-year sentence. See *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

It is true that pursuant to the administrative regulations implementing the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice*, *Bureau of Prisons*, 73 Fed. Reg. 62,440; 62, 441-42 (Oct. 21, 2008). Those statutory factors are

(1)   the resources of the facility contemplated;
(2)   the nature and circumstances of the offense;

5

(3)  the history and characteristics of the prisoner;
(4)  any statement by the court that imposed the sentence--
   (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   (B)  recommending a type of penal or correctional facility as appropriate; and
(5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). However, there is no indication in this record that these factors were disregarded in Petitioner's case.

To the contrary, in the first of the two BOP responses provided to the Court, the staff writes of the reasons for the length of his RRC stay in terms of this Petitioner's characteristics, specifically the short length of his sentence and his GED. In the other response, the BOP explains that the decision on Harris was reached "using the 5 factors," including "your transitional needs, given the resources available to you, and the fact that you are releasing to an established residence."

To the extent that Petitioner Harris relies on the Department of Justice Memorandum of April 14, 2008, which he attaches, and *Strong v. Schultz*, 599 F. Supp.2d. 556 (D.N.J. 2009), which he cites, his reliance is misplaced. In *Strong*, the District Court ruled that the duration of the prisoner's pre-release placement had been limited to six months in accordance with the April 14, 2008, Memorandum dated April 14, 2008, which had impermissibly limited staff discretion to designate a greater amount of placement time under the Second Chance Act. *Id*. at 563.

However, the April 14, 2008, Memorandum was replaced and was defunct at the time of Petitioner's decision in late 2009. On October 21, 2008, the BOP adopted regulations which removed the objectionable "limiting" criteria that had been included in the earlier Memo. The *Strong* court expressly stated, "[u]nlike the April 14, 2008, Memorandum, the [October 21, 2008, regulation] does not limit the discretion of staff to designate inmates to a [half-way house] for more

than six months." Consequently, the reasoning of *Strong* is inapplicable here, and in any event, that decision would not constitute binding precedent in this circuit.

Other district courts have upheld initial recommendations for six-month RRC placement where the Unit Team had considered the criteria contained in § 3621(b), and where neither extraordinary nor compelling circumstances justifying a longer RRC placement existed. *See Williams v. Outlaw*, No. 09-00075, 2009 WL 5184329, at *4 (E.D. Ark., December 22, 2009); *Petersen v. Drew*, No. 08-40, 2009 WL 4067794, at *3 (M.D. Ala., November 23, 2009); and *Loving v. Jett*, No. 09-01403, 2009 WL 2960710, at *3 (D. Minn., September 10, 2009).

As to Petitioner's due process claim, it is well settled that Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoners." 18 U.S.C. § 3621; *Moody v. Daggett,* 429 U.S. 78, 88 (1976). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979). Petitioner has no due process right, protected by the Fifth Amendment, to be placed in an RRC earlier than the date on which the BOP assigns him – as long as the BOP has considered the factors set forth in § 3621(b) as required by the Second Chance Act. *See Breckenridge v. Shartle*, No. 4:09-CV-2778, 2010 WL 680951 (N.D.Ohio February 22, 2010) (slip op.).

In summary,[3] the instant Petitioner enjoys no right to or guarantee of a twelve-month RRC placement, and there is no indication that the BOP acted contrary to federal law. Therefore, his §

---

[3] The Court will not address the Petitioner's claim that the complained-of RRC decision was contrary to BOP regulations, as he has not presented any further allegations as to which regulations or how the BOP failed to adhere to the regulations.

2241 Petition will be dismissed.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1) Naron Harris' 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus [Record No. 2] is **DENIED.**

(2) This action is **DISMISSED**, *sua sponte*.

(3) Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

(4) Petitioner's request for a preliminary injunction [Record No. 3] is **DENIED AS MOOT.**

This the 17th day of May, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge